United States District Court
Southern District of Texas
**ENTERED**
August 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Jerald Washington, Jr., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No. 4:21-cv-00439 |
| v. | § | |
| | § | |
| Kilolo Kijakazi, | § | |
| Acting Commissioner, Social | § | |
| Security Administration, | § | |
| | § | |
| *Defendant.* | | |

## MEMORANDUM AND RECOMMENDATION

In this social security appeal, the Court considers whether the Administrative Law Judge ("ALJ") properly formed Plaintiff Jerald Washington Jr.'s residual functional capacity ("RFC"). While much of the RFC is substantially supported by medical evidence, the ALJ failed to consider one of Mr. Washington's important limitations—the fact that he has significantly reduced grip strength and hand dexterity. Given that the only jobs that the ALJ concluded Mr. Washington could perform all required "frequent" handling and manipulation of objects, this failure to consider these important limitations was both erroneous and prejudicial. Accordingly, it is recommended that the Court grant Mr. Washington's motion for summary judgment, Dkt. 14, deny Defendant Commissioner of Social Security's motion

for summary judgment, Dkt. 21, Dkt. 22, and remand this case for further findings consistent with this opinion.

## **Background and Procedural History**

From an early age, Plaintiff James Washington Jr.'s struggled with cognitive disabilities. *See* R.56. His teachers assessed him as not being able to meet the standard learning criteria. and his parents were forced to enroll him in special education classes due to a speech impediment that slowed his rate of speech. R.52-53. He was twice retained for a grade—first in kindergarten and second in sixth grade. R.52.

During his senior year in high school, at age 20, he was formally diagnosed with autism. R.280. Despite these difficulties, he was still able to complete his high school education, and he also succeeded at enrolling at Houston Community College to study audio engineering. R.40.

A neuropsychological evaluation of Mr. Washington in August 2015 also found that he had weak grip strength in in his hands—mildly so for his right (dominant) hand, but severely reduced for his left hand. R.355, 358. Similar deficiencies were noted in his finger oscillation speed. R.355. His ability to coordinate alternating movements was also impaired. R.355, 358. As a result, the neuropsychologist concluded that Mr. Washington would have difficulty performing tasks with his hands, like writing, and would need modified tools to continue his studies. *See* R.358; *see also* R.55 (mother's testimony).

Mr. Washington applied for social security benefits in 2018. R.173. After the Commissioner rejected his claim, he sought review by an ALJ. R.97. The ALJ affirmed the denial of Mr. Washington's request for benefits, finding that he could perform a significant number of jobs that existed in the national economy. R.31. After unsuccessfully challenging the ALJ's decision before the Appeals Council, Mr. Washington sought review here. Dkt. 1.

## Standard of Review

A reviewing court assesses the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted)). It is "more than a scintilla, but it need not be a preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)) (internal quotation marks omitted). When conducting its review, the Court cannot reweigh the evidence or substitute its judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.

1999). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

## Analysis

### I. Legal Framework

"The Commissioner uses a sequential, five-step approach to determine whether a claimant is ... disabled: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity." *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)) (footnote omitted). "Under this five-step approach, if the Commissioner determines at a prior step that the applicant is or is not disabled, the evaluation process stops ...." *Id.* (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof at the first four steps. *Kneeland v. Berryhill*, 850 F.3d 749, 753-54 (5th Cir. 2017). At the fifth step, the burden of proof shifts to the Commissioner "to establish the existence of other available substantial gainful employment that a claimant can perform." *Id.*

## II. The ALJ's decision is not supported by substantial evidence.

Mr. Washington's sole challenge targets the ALJ's formulation of his RFC. *See* Dkt. 14 at 5-7.[1] The RFC is a predicate to steps four and five that determines "the most the claimant can do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Kneeland*, 850 F.3d at 754 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005)). Here, Mr. Washington argues that the ALJ did not consider his reduced grip strength, and the extent to which that impairment prevents him from completing tasks that require "frequent" handling or manipulation of objects. Dkt. 14 at 6. The Court concludes that remand is warranted because the ALJ failed to address this documented impairment.

### A. The ALJ failed to consider Mr. Washington's hand impairments.

When formulating a claimant's RFC, the ALJ examines the "limiting effects of all [the claimant's] impairments, even those that are not severe ...." *See* 20 C.F.R. § 404.1545(e). The ALJ must consider all relevant medical opinions and evaluate them based on several factors. *See* 20 C.F.R. § 404.1520c(c) (enumerating the factors). Although the ALJ must explain how

---

[1] The Commissioner's response divides Mr. Washington's argument into two subparts. *See* Dkt. 22 at 7 (drawing attention to Mr. Washington's assertions that the ALJ "substituted [her] judgment" for that of a medical examiner). Because those contentions are intertwined, the Court combines them as a single inquiry: whether the ALJ's failure to consider a significant limitation means that her conclusion was unsupported "by any physician of record." Dkt. 14 at 6.

5

she determined that any medical testimony lacks support or is inconsistent with other evidence, the ALJ need not address all the relevant factors. *See* SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. § 404.1520c(b)(2).

In this case, the ALJ established an RFC for Mr. Washington that permits work "at all exertional levels" without accounting for any physical limitations. R.26. The RFC only incorporates Mr. Washington's mental limitations that restrict him to having no more than incidental communication with others; simple, routine, repetitious work; occasional interaction with coworkers, supervisors, and the general public; and no "fast" production pace or strict production quotas. *Id.*

In establishing this RFC, the ALJ stated that she considered "all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence ...." *Id.* But as Mr. Washington correctly asserts, his medical record reflects that he has limitations in the use of his hands. *See* R.355. Audrey Muehe, a clinical and neuropsychologist, examined Mr. Washington in August 2015. She found that Mr. Washington's "[g]rip strength was mildly deficient on the right hand and severely deficient on the left hand ...." R.355. In the same evaluation, Dr. Muehe noted analogous deficiencies in Mr. Washington's "[f]inger oscillation speed," and that his "[b]imanual programming of coordinated alternative movements was low average." *Id.*

6

The ALJ's entitlement to resolve conflicts in the evidence does not authorize her to disregard uncontroverted, objective medical evidence. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995) ("[T]he ALJ [was] free to reject the opinion of any physician *when the evidence supports a contrary conclusion*" (quoting *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)) (emphasis added). Rather, when formulating a claimant's RFC, the ALJ cannot discount the conclusions of medical examiners without stating a basis for doing so. *See Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) ("the ALJ must consider all the record evidence and cannot 'pick and choose'"). Nothing in the ALJ's opinion suggests that she considered Mr. Washington's hand strength deficiency, let alone addresses it sufficiently to conclude that the RFC is supported by substantial evidence. *See* R.20-31.[2]

As Mr. Washington contends, a prior decision from this Court concluded that remand was necessary where an ALJ failed to consider hand strength deficiencies when formulating the RFC. Dkt. 26 at 8 (citing *Taylor v. Astrue*, 2012 WL 4955491, at *8 (S.D. Tex. Oct. 16, 2012)). In *Taylor*, the plaintiff had

---

[2] At the hearing, the ALJ did ask Mr. Washington's mother if he had "any problems with the use of his right hand," *see* Dkt. 9 at 53, to which she answered no. *Id.* Yet the ALJ omitted any reference to this testimony—indeed, there is no reference to Mr. Washington's hand strength problems at all—and did not purport to weigh it against Mr. Washington's contrary medical evidence. These omissions preclude the Court from conducting any meaningful review.

7

fractured his hand and an examination revealed severe impairment in that hand. *Id.* Because the ALJ's opinion did not address this impairment, the Court remanded for further consideration. 2012 WL 4955491, at *10.

Contrary to the Commissioner's assertions, this case warrants the same disposition. The Commissioner argues that Dr. Muehe did not identify "any functional limitations" related to any alleged motor deficiencies. Dkt. 22 at 7.[3] Yet Dr. Muehe explained that Mr. Washington's reduced grip strength could significantly affect his ability to accomplish tasks "at higher rates of speed." R.358. The ALJ had to evaluate that evidence and assess what limitations those impairments impose. *See* SSR 16-3p, 2017 WL 5180304, at *8 (S.S.A. Oct. 25, 2017) ("We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions."); *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) ("The ALJ cannot reject a medical opinion without an explanation"). Far from addressing Drs. Muehe's opinion "thoroughly," *see* Dkt. 22 at 7, the ALJ did not address her opinion about Mr. Washington's motor difficulties at all. This was error.

---

[3] The Commissioner's brief lacks page numbers, so the Court references the pages of the pdf.

**B.   The ALJ's failure to consider Mr. Washington's hand impairments prejudices him.**

To obtain reversal, Mr. Washington also must show that the ALJ's failure to fully develop the record "could and would have adduced evidence that might have altered the result." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). That is the case here.

Mr. Washington's entitlement to benefits rises or falls on whether he can work as a laundry laborer, a box truck washer, or a cleaner housekeeper. Dkt. 26 at 6-7. This is because the vocational expert identified no other potential job that Plaintiff could perform. R.31. But each of these vocations, as Mr. Washington points out, requires "frequent" handling or manipulation of equipment and gear. *See* Dkt. 26 at 6-7 (quoting the Dictionary of Occupational Titles and Occupational Information Network). Mr. Washington need not make a showing here that the ALJ *would* have come to a different result, on that she might have. *Kane*, 731 F.2d at 1220.

Moreover, the ALJ's wholesale failure to provide any explanation for disregarding Dr. Muehe's medical opinion about Mr. Washington's hand-motor impairment "makes it impossible to know whether the ALJ properly considered and weighed it" against any other evidence. *Kneeland*, 850 F.3d at 762; *see also, e.g.*, *Heather H. v. Kijakazi*, 2021 WL 4138406, at *9 (S.D. Tex.

Sept. 10, 2021) (ALJ's failure to explain the exclusion of claimant's cane-usage from RFC required remand). Under these circumstances, remand is required.

## Recommendation

It is **RECOMMENDED** that the Court **GRANT** Plaintiff Jerald Washington Jr.'s motion for summary judgment (Dkt. 14), **DENY** Defendant's motion for summary judgment (Dkt. 21), **VACATE** the Commissioner's decision that Plaintiff is not disabled, and **REMAND** this case for further proceedings consistent with this opinion.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 12, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge